Case 0:07-cr-60289-DMM   Document 72   Entered on FLSD Docket 06/06/2008   Page 1 of 7
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 1 of 6

# United States District Court
## Southern District of Florida
### WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | **AMENDED** |
| v. | Case Number: 07-60289 CR |
| TORY CHESTER | |
| | USM Number: 77510-004 |
| | Counsel For Defendant: Neison Marks |
| | Counsel For The United States: Joanne Fine |
| | Court Reporter: Karl Shires |

REC'D by _____ D.C.
JUN 0 4 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

The defendant pleaded guilty to Count(s) 1,4,6 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery | 11/27/2007 | One |
| 18 U.S.C. § 924(c)(1) and 2 | Possession Of A Firearm In Furtherance Of A Drug Trafficking Offense | 11/27/2007 | Four |
| 18 U.S.C. §922(g)(1) | Felon In Possession Of A Firearm | 11/27/2007 | Six |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
5/12/2008

DONALD M. MIDDLEBROOKS
United States District Judge

June ___4___, 2008

Case 0:07-cr-60289-DMM    Document 72    Entered on FLSD Docket 06/06/2008    Page 2 of 7
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 2 of 6

DEFENDANT: TORY CHESTER
CASE NUMBER: 07-60289 CR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **111 Months**. This term consists of 27 concurrent months as to counts 1 and 6, and 84 consecutive months as to count 4.

The Court makes the following recommendations to the Bureau of Prisons:

    The Court recommends that defendant be designated to a facility in South Florida.

    The Court further recommends that defendant participate in the 500 hour drug treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

 

                                                                              UNITED STATES MARSHAL

                                          By:_____
                                                                Deputy U.S. Marshal

Case 0:07-cr-60289-DMM   Document 72   Entered on FLSD Docket 06/06/2008   Page 3 of 7
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case
Page 3 of 6

DEFENDANT: TORY CHESTER
CASE NUMBER: 07-60289 CR

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. This term shall run concurrently as to all counts.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

    If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TORY CHESTER
CASE NUMBER: 07-60289 CR

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

Self-Employment Restriction: The defendant shall obtain prior written approval from the Court before entering into any self-employment.

Permissible Search: The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: TORY CHESTER
CASE NUMBER: 07-60289 CR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 | $0.00 | $0.00 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TORY CHESTER
CASE NUMBER: 07-60289 CR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$300.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

The defendant shall forfeit the defendant's interest in the following property to the United States:

    **Final Order of Forfeiture is hereby incorporated by reference.**

The defendant's right, title and interest to the property identified in the preliminary order of forfeiture, which has been entered by the Court and is incorporated by reference herein, is hereby forfeited.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev 12/03) Judgment in a Criminal Case

Page 1 of 6

# United States District Court
## Southern District of Florida
### WEST PALM BEACH DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 07-60289 CR |
| TORY CHESTER | |
| | USM Number: 77510-004 |
| | Counsel For Defendant: Neison Marks |
| | Counsel For The United States: Joanne Fine |
| | Court Reporter: Karl Shires |

REC'D by _____ D.C.
MAY 16 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

The defendant pleaded guilty to Count(s) 1,4,6 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery | 11/27/2007 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
5/12/2008

/s/ DONALD M. MIDDLEBROOKS
United States District Judge

May 16, 2008

*[Handwritten annotations:]*
Left out counts 4, 6

Cnt 4: 11/27/07 @ 18:924(c)(1) and 2 — Possession of Firearm
Cnt 6: 11/27/07 18:922(g)(1) Felon in possession — Drug trafficking offense