UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60289-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

TORY CHESTER,

          Defendant.
_____/

## FINAL ORDER OF FORFEITURE

Upon motion of the United States for entry of a final order of forfeiture pursuant to the procedures of Title 21, United States Code, Section 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, upon a review of the record in this matter and for good cause shown thereby, the Court hereby finds that:

1. On December 11, 2007, a federal grand jury returned an Indictment charging that Tory Chester, (hereinafter referred to as "defendant"), in two (2) counts relevant to this motion; in **Count 4** that the defendant did knowingly use and carry a firearm, that is a Smith & Wesson 9 mm pistol bearing serial number PDP9917, during and in relation to a crime of violence, that is a violation of Title 18, United States Code, Section 1951(a), and during and in relation to a drug trafficking crime, that is, a violation of Title 21, United States Code, Section 846, which are felonies prosecutable in a court of the United States, and did possess said firearm in furtherance of such

crimes; all in violation of Title 18, United States Code, Sections 924(c)(1) and 2; and in **Count 6** that the defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, that is, a Smith & Wesson, model SW9VE, 9 mm caliber semi-automatic pistol bearing serial number PDP9917, ten (10) rounds of Remington Peters 9 mm ammunition, four (4) rounds of Winchester 9 mm ammunition, one (1) round of PMC 9 mm ammunition and one (1) round of Federal 9 mm ammunition, any one of which being a violation; in violation of Title 18, United States Code, Section 922(g)(1).

2.   The Indictment further sought the forfeiture of the defendant's interest in certain property pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 924(d)(1) and Title 21, United States Code, Section 853, those assets including:

   a.   Smith & Wesson, model SW9VE, 9 mm caliber semi-automatic Pistol bearing serial number PDP9917;

   b.   Ten (10) rounds of Remington Peters 9 mm ammunition;

   c.   Four (4) rounds of Winchester 9 mm ammunition;

   d.   One (1) round of PMC 9 mm ammunition; and

   e.   One (1) round of Federal 9 mm ammunition.

3.   On February 29, 2008, defendant Tory Chester, relevant to this motion, entered a plea of guilty to Counts 4 and 6 of the Indictment, in violation of Title 18, United States Code, Section 1951(a), Title 21, United States Code, Section 846, Title 18, United States Code, Section 924(c)(1)and 2, and Title 18, United States Code, Section 922(g)(1).

2

4. One May 7, 2008, this Court entered a preliminary order of forfeiture, (DE No.68) against the firearm and ammunition listed above in favor of the United States of America pursuant to Title 18, U.S.C. § 924(d)(1).

5. On May 20, 2008, a Notice of Forfeiture of the property was published in the Broward Daily Business Review, a newspaper of general circulation. The published notice stated the intent of the United States to forfeit all right title and interest in and to dispose of the property identified in said Preliminary Order of Forfeiture; advised all third parties, if any, of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the property; and set forth the requirement that anyone seeking to claim an interest in the property to be forfeited must file a petition in conformance with Title 21, United States Code, Section 853(n)(2), within thirty days after the earlier of the final date of publication of the notice or the receipt of actual notice.

6. All persons known to the United States to have a legal interest in the property ordered forfeited have thereby been notified according to Title 21, United States Code, Section 853(n)(1).

7. No third party has filed a timely petition for an ancillary hearing and the Court is not aware of any party having any interest in the property ordered forfeited by the Preliminary Order of Forfeiture identified herein above.

Accordingly, pursuant to Title 21, United States Code, Section 853(n)(7), Rule 32.2(c)(2) of Federal Rules of Criminal Procedure, and for good cause shown, it is hereby,

**ORDERED, ADJUDGED and DECREED** that all right, title and interest in the property identified in paragraph (2) above, is hereby transferred, forfeited to and vested in the

United States of America. The United States pursuant to Title 21, United States Code, Section 853(n)(7), shall have clear title vested to the above listed property.

**IT IS FURTHER ORDERED** that the Bureau of Alcohol, Tobacco, Firearms and Explosives, or any other duly authorized law enforcement agents, shall dispose of the forfeited property in accordance with the law.

**DONE AND ORDERED** this 22 day of August 2008, in Chambers, at West Palm Beach, Palm Beach County, Florida.

HONORABLE DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   AUSA Roger W. Powell, (2 certified copies)